IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JEFFREY ORTIZ OLIVAREZ,

      Plaintiff,

v.                                         CASE NO. 19-3140-SAC

KEARNY COUNTY JAIL, et al.,

      Defendants.

## ORDER

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is incarcerated at the Hutchinson Correctional Facility in Hutchinson, Kansas. On November 26, 2019, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 5) ("MOSC") granting Plaintiff until December 17, 2019, in which to show good cause why his Complaint should not be dismissed.

This matter is before the Court on Plaintiff's Motion for Appointment of Counsel (Doc. 6). Plaintiff argues that he is unable to obtain counsel due to his indigency; his incarceration will greatly limit his ability to litigate; the issues involved are complex and will require significant research and investigation; he has limited access to the law library and limited knowledge of the law; a trial will likely involve conflicting testimony; having counsel will enable Plaintiff to better present his case and cross examine witnesses; and Plaintiff has been unable to obtain a lawyer due to financial difficulties.

The Court has considered Plaintiff's motion for appointment of counsel. There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether

to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979). The Court concludes in this case that (1) it is not clear at this juncture that Plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments. The Court denies the motion without prejudice to refiling the motion if Plaintiff's Complaint survives screening.

Plaintiff is cautioned that the Court's December 17, 2019 deadline to respond to the Court's MOSC at Doc. 5 remains in effect.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Appointment of Counsel (Doc. 6) is **denied without prejudice.**

**IT IS SO ORDERED.**

**Dated December 6, 2019, in Topeka, Kansas.**

s/ Sam A. Crow
SAM A. CROW
U. S. Senior District Judge
