IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JEFFREY ORTIZ OLIVAREZ,

    **Plaintiff,**

    v.                                                          CASE NO. 19-3140-SAC

KEARNY COUNTY JAIL, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff, a state prisoner appearing pro se and in forma pauperis, filed this civil rights complaint pursuant to 42 U.S.C. § 1983. Although Plaintiff is currently incarcerated at the Hutchinson Correctional Facility in Hutchinson, Kansas, the claims giving rise to his Complaint occurred while he was housed at the Kearny County Jail ("KCJ").

Plaintiff alleges that during a court appearance Lance Babcock grabbed his face using excessive force and put his hands over Plaintiff's mouth to keep him from exercising his First Amendment rights. Plaintiff alleges that this injured a fractured area below his right eye. Plaintiff was transported from court back to the KCJ. Plaintiff claims he was denied medical attention and that "Sheriff David Horner's act in releasing [him] from his custody 19 days early in order to avoid medical expenses constituted an unlawful act of cruel and unusual punishment and humiliation." (Doc. 1, at 3.) Plaintiff names the KCJ and Sheriff David Horner as the sole defendants. Plaintiff seeks $50,000 in damages.

1

On November 26, 2019, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 5) ("MOSC"), granting Plaintiff until December 17, 2019, in which to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC. Plaintiff has failed to respond by the deadline.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a *person* acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (emphasis added). The Court found in the MOSC that Plaintiff's claims against KCJ are subject to dismissal because prison and jail facilities are not proper defendants because none is a "person" subject to suit for money damages under § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66, 71 (1989); *Clark v. Anderson*, No. 09-3141-SAC, 2009 WL 2355501, at *1 (D. Kan. July 29, 2009); *see also Aston v. Cunningham*, No. 99–4156, 2000 WL 796086 at *4 n.3 (10th Cir. Jun. 21, 2000) ("a detention facility is not a person or legally created entity capable of being sued"); *Busekros v. Iscon*, No. 95-3277-GTV, 1995 WL 462241, at *1 (D. Kan. July 18, 1995) ("[T]he Reno County Jail must be dismissed, as a jail is not a 'person' within the meaning of § 1983.").

The Court also found that Plaintiff does not name Lance Babcock as a defendant, and fails to state a claim of excessive force under the Eighth Amendment's Cruel and Unusual Punishments Clause. Prison officials violate inmates' Eighth Amendment rights when they subject them to the "unnecessary and wanton infliction of pain." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause

harm." *Hudson v. McMillian*, 503 U.S. 1, 6–7 (1992) (citation omitted). "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Id*. at 9–10.

Plaintiff alleges that Lance Babcock grabbed his face during a court appearance. Not every isolated battery or injury to an inmate amounts to a federal constitutional violation. *See id*. at 9 (stating that not "every malevolent touch by a prison guard gives rise to a federal cause of action.") (citing *Johnson v. Glick*, 481 F.2d 1028, 1033 (2nd Cir. 1973) ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights")). The Court found in the MOSC that to the extent Plaintiff is claiming excessive force, the claim is subject to dismissal.

Plaintiff alleges that he was released from the KCJ nineteen days early to avoid medical expenses. The Court found in the MOSC that Plaintiff fails to state a claim of cruel and unusual punishment. Plaintiff has failed to allege a serious illness or injury. He claims he was denied medical attention after his face was grabbed during a court appearance. He only names the Sheriff as a defendant and bases his claim on the Sheriff's decision to release him early "to avoid medical expenses." He has not alleged that the Sheriff was both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, or that he actually drew that inference.

Plaintiff has not alleged that he was somehow prevented from seeking medical attention after he was released from the KCJ. It is not even clear that Plaintiff became responsible for his own medical care after his release, as Plaintiff is currently incarcerated at the Hutchinson Correctional Facility with the Kansas Department of Corrections providing his medical care.

Plaintiff has not alleged that the Sheriff created a risk of harm or limited Plaintiff's ability to seek self-help or medical attention after he was released.

Plaintiff has failed to respond to the MOSC and has failed to show good cause why this case should not be dismissed for failure to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT** that this case is dismissed for failure to state a claim.

**IT IS SO ORDERED**.

**Dated December 23, 2019, in Topeka, Kansas.**

<u>S/ Sam A. Crow</u>
**SAM A. CROW**
**SENIOR U. S. DISTRICT JUDGE**